a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSE ISMAEL SALAS #05332-748,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-00359<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| CHRIS MCCONNELL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Jose Ismael Salas ("Salas"). Salas is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. He challenges the computation of his sentence by the BOP.

Because Salas's habeas claim has been adjudicated on the merits and he does not otherwise present a claim for which relief can be granted, his Petition (ECF No. 1) should be DENIED.

I.  Background

On December 14, 2006, Salas was sentenced to a four-year term of imprisonment after violating conditions of supervision on a suspended sentence in the State of Texas. ECF No. 1-2 at 2. While serving that state sentence, Salas was indicted in the United States District Court for the Southern District of Texas on charges of racketeering in violation of 18 U.S.C. § 1961; conspiracy to distribute

1

narcotics and controlled substances, in violation of 21 U.S.C. § 841(a)(1); and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). *United States v. Salas*, No. 7:07-CR-231 (S.D. Tex. 2007).

On March 30, 2007, the federal court issued a writ of habeas corpus *ad prosequendum*, directing the United States Marshals Service ("USMS") to transport Salas from the Hidalgo County Jail to the federal district court for his initial appearance. *See id.* at ECF No. 12. On September 24, 2008, while in the temporary custody of the USMS through the writ, Salas was paroled *in absentia* from the state sentence. *See Salas v. Ormond*, 6:15-CV-219, 2016 WL 1733451, at *1 (E.D. Ky. 2016).

Salas pleaded guilty to one count of racketeering, and the remaining charges were dismissed. *Id.* at ECF No. 826. Salas was sentenced to 240 months of imprisonment on August 29, 2011. *See id.* The judgment recommended that Salas's federal sentence "run concurrently with any imprisonment term that may be imposed in any pending state matter." *Id.*

The BOP determined that Salas's federal sentence commenced on August 29, 2011, the date on which it was imposed. ECF No. 1-2 at 2. The BOP applied pre-sentence credit from September 24, 2008 (the date on which Salas was paroled from the state sentence) through August 28, 2011 (the day before the federal sentence was imposed). *Id.*

Salas also seeks credit on his federal sentence from April 5, 2007 to September 24, 2008. ECF No. 1 at 8. Salas previously filed a § 2241 Petition in the United States

District Court for the Eastern District of Kentucky challenging the BOP's computation of his sentence and seeking credit for the same dates. *Salas v. Ormond*, 6:15-CV-219, 2016 WL 1733451 (E.D. Ky. Apr. 29, 2016). That court concluded that Salas was not entitled to federal credit for the time sought, and that the BOP applied all the credit to the federal sentence that it was required to apply. The petition was dismissed on the merits. *Id.* Salas did not appeal.

Salas also complains that he was held in solitary confinement for three years following his detention by the USMS. ECF No. 1.

II. <u>Law and Analysis</u>

The authority to grant or deny credit for time served is specifically reserved to the United States Attorney General, who has delegated that responsibility to the BOP. *See U.S. v. Wilson*, 503 U.S. 329 (1992). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a § 2241 petition. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

A prisoner shall only be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, if it has not been credited against another sentence. *See* 18 U.S.C. § 3585(b). Because the time from April 5, 2007 to September 24, 2008 was credited toward Salas's state sentence, it cannot also be credited toward his federal sentence. Although the federal sentencing judge recommended that the federal sentence "run concurrently with any imprisonment term that may be imposed in any pending state matter," Salas was paroled from the state sentence on September 23,

3

2008, three years before the federal sentence was imposed. Therefore, there no longer existed any "pending state matter" or state sentence with which the federal sentence could run concurrently. ECF No. 1-2 at 2; *Salas,* 2016 WL 1733451.

Moreover, this is Salas's second Petition seeking credit for this period of time. When a prisoner files multiple petitions for habeas corpus relief, the "abuse of the writ" doctrine as set forth in 28 U.S.C. § 2244(a) may bar his claims. The provision states:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

Principles of res judicata and collateral estoppel do not apply in habeas proceedings. *See Sanders v. United States*, 373 U.S. 1, 6–7 (1963). Nevertheless, although not expressly referenced in § 2244(a), courts have consistently held that the substantive provisions of § 2244 are applicable to § 2241 habeas petitions brought by federal prisoners. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996) (holding that the restrictions on successive petitions found in § 2244, "constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ'" and applying those principles to a petition filed under 28 U.S .C. § 2241); *Ortloff v. Fleming*, 88 F. App'x 715, 716 (5th Cir. 2004) (barring a successive § 2241 application raising the same claim); *Williams v. Tamez*, 466 F. App'x 326, 327 (5th Cir. 2012) (affirming dismissal of successive § 2241 petition as abuse of the writ); *Jennings v.*

*Menifee*, 214 F. App'x 406, 407 (5th Cir. 2007) (same); *Johnson v. Louisiana Dep't of Corr.*, CV 19-13554, 2020 WL 5899009, at *9 (E.D. La. Aug. 4, 2020), *report and recommendation adopted*, 2020 WL 5889336 (E.D. La. Oct. 5, 2020). Thus, a successive § 2241 petition is subject to dismissal for abuse of the writ when the same legal claims addressed in a prior petition are presented again. *See Ortiz-Lopez v. Fed. Bureau of Prisons, Dir.*, 830 F. App'x 127, 131 (5th Cir. 2020) (citing *United States v. Tubwell*, 37 F.3d 175, 178 (5th Cir. 1994); *Ortloff*, 88 F. App'x at 716).

Salas's claim for sentencing credit has been adjudicated on the merits by another federal district court. Thus, his Petition is also subject to dismissal as an abuse of the writ.

To the extent Salas complains about the period of time spent in solitary confinement, this claim cannot be raised in a habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) ("If a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release," the proper course for the prisoner is a civil rights action); *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention"); *Ellis v. United States*, 4:19-CV-786, 2019 WL 4982577, at *2 (N.D. Tex. Oct. 8, 2019).

### III. Conclusion

Because Salas's habeas claim has been adjudicated on the merits and he does not otherwise present a valid habeas claim, IT IS RECOMMENDED that his Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE and that Salas be

warned that sanctions may be imposed in the future for filing repetitive or frivolous claims.[1]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, April 1, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[1] Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); *Ellis v. United States*, 4:19-CV-786, 2019 WL 4982577 (N.D. Tex. Oct. 8, 2019).